IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANDRA L. MANUEL,           )
                           )
        Petitioner,        )
                           )
    v.                     )   Civ. No. 04-825-SLR
                           )
THOMAS L. CARROLL,         )
Warden,                    )
                           )
        Respondent.        )

---

Andra L. Manuel.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondent.

---

**MEMORANDUM OPINION**

Dated: August 8, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Andra L. Manuel is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will deny his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2002, a Superior Court jury found petitioner guilty of one count of trafficking cocaine (16 Del. C. Ann. § 4753A(a)(4)(a)), possession of a firearm during the commission of a felony (11 Del. C. Ann. § 1447A), carrying a concealed deadly weapon (11 Del. C. Ann. § 1442), resisting arrest (11 Del. C. Ann. § 1257), possession of cocaine (16 Del. C. Ann. § 4753), and possession of marijuana (16 Del. C. Ann. § 4754). Additionally, following a bench trial on December 16, 2002, petitioner was found guilty of possession of a deadly weapon by a person prohibited (11 Del. C. Ann. § 1448). The Superior Court sentenced him to a total of 46 years of incarceration, suspended after 37 years, to be followed by decreasing levels of probation.

Prior to his November 2002 jury trial, petitioner had filed a motion to suppress a gun and drugs found on his person by the police. The Superior Court held a suppression hearing, during which it heard testimony from the arresting officers and

1

petitioner's girlfriend, who had been a witness to the arrest. The Superior Court denied the suppression motion because it found the police officers' testimony regarding the events to be more credible than the girlfriend's testimony. See generally Manuel v. State, 846 A.2d 238 (Table), 2004 WL 716772 (Del. 2004).

After his conviction, petitioner filed a direct appeal with the Delaware Supreme Court, asserting that the Superior Court abused its discretion in failing to suppress the evidence found on his person by the police. The Delaware Supreme Court reviewed the details of the suppression hearing and the Superior Court's findings, and determined that the Superior Court did not abuse its discretion in denying petitioner's suppression motion. The Delaware Supreme Court affirmed petitioner's conviction and sentences. Manuel, 2004 WL 716772, at *1-2. He did not pursue state post-conviction relief.

In July 2004, petitioner filed the instant application for federal habeas relief, asserting one Fourth Amendment claim. (D.I. 2) The State filed an answer asking the court to dismiss the application because a Fourth Amendment claim is not reviewable in a federal habeas proceeding. (D.I. 11) Petitioner filed a response, arguing that the court should review his claim because the state courts incorrectly denied his suppression motion. (D.I. 14)

Petitioner's application is ready for review.

**III. DISCUSSION**

Petitioner's sole habeas claim alleges that the Superior Court abused its discretion in denying his pre-trial motion to suppress a handgun and contraband drugs seized during a police search of his person, and the Delaware Supreme Court abused its discretion in affirming the Superior Court's judgment. The State correctly acknowledges that petitioner exhausted state remedies for this Fourth Amendment claim by presenting it to the Delaware Supreme Court on direct appeal.

In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Generally, to avoid the Stone bar, a petitioner must demonstrate that he did not have a full and fair opportunity to litigate a Fourth Amendment claim because a structural defect in the state system prevented his claim from being heard. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002). Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis. Marshall, 307 F.3d at 82; Gilmore v. Marks, 799 F.2d 51, 56 (3d Cir. 1986), cert. denied, 479 U.S. 1041 (1987).

A petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978); Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir. 1977). In the instant situation, petitioner filed a pre-trial motion in the Delaware Superior Court to suppress the drugs and gun seized by the police. The Superior Court denied the motion after holding an evidentiary hearing. On direct appeal, the Delaware Supreme Court reviewed the Superior Court's denial of petitioner's suppression motion, and affirmed its judgment. Clearly, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, and his allegation that the Delaware courts incorrectly denied his suppression motion does not overcome the Stone bar.

Accordingly, pursuant to Stone, petitioner's Fourth Amendment claim fails to provide a basis for federal habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a

4

constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court concludes that petitioner's Fourth Amendment claim does not provide a basis for federal habeas relief.  Reasonable jurists would not find this conclusion to be unreasonable.  Consequently, the court declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order will issue.