IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

RECEIVED
AUG 29 2005
U.S.C.A. 3rd. CIR.

*Andra Manuel*
Appellant

v.

*Thomas L. Carrall / Warden*
Appellee

No. _____

## MOTION FOR APPOINTMENT OF COUNSEL

        **COMES NOW,** the Appellant, *Andra Manuel* , pro se,

and moves this Honorable Court for the Appointment of Counsel, to represent Appellant.

        In support of this Motion Appellant states that the following is true and

correct, to the best of his knowledge and belief:

        1.     Appellant is incarcerated

        2.     Appellant is unskilled in the law.

        3.     The administration at the Delaware Correctional Center where

Appellant is held limits the days and times that Appellant is allowed access to the law library.

        4.     Appointment of counsel would serve "the best interests of justice" in this

case.

        **WHEREFORE,**  Appellant prays this Honorable Court appoint counsel to

represent the Appellant.

DATE: 8-25-05

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

TO: Clerk

RE: Manuel U. Carroll

Subj: 6 month Account statement

Date: 8-25-05

Dear Clerk
    I will forward my 6 month statement to the court upon obtaining it from the D.O.C Business Office.

Respectfully yours

_India Manuel_

Date: 8-25-05

# NOTICE OF APPEAL
## TO
## U.S. COURT OF APPEALS, THIRD CIRCUIT

**U.S. District Court for the District of Delaware**

**CIRCUIT COURT**
**DOCKET NUMBER:** _____
**(leave blank)**

**FULL CAPTION IN DISTRICT COURT AS FOLLOWS:**

*ANDRA MANUEL*

**DISTRICT COURT**
**DOCKET NUMBER:** *04-925-SLR*

v.

*THOMAS L. CARROLL*

**DISTRICT COURT**
**JUDGE:** *Sue L. Robinson*

Notice is hereby given that *Andra Manuel*
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [X] Order,

[ ] Other (specify) *From The Denial of his 28 U.S.C.*

*§ 2254 Habeas corpus Petition*

entered in this action on *8-9-05* .
(date)

DATED: *8-25-05*

*Andra Manuel – Pro-se*
(Counsel for Appellant-Signature)

*Andra Manuel – Pro-se*
(Name of Counsel - Typed)

*Delaware Correctional Center*
(Address)

*1181 Paddock Road*

*Smyrna Delaware 19977*
(Telephone Number)

*Gregory E. smith*
(Counsel for Appellee)

*Department of Justice*
(Address)

*820 North French street*

*Wilmington Delaware*
~~(Telephone Number)~~

**NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.**

**Affidavit accompanying Motion for
Permission to Appeal In Forma Pauperis**

United States District Court for the _District_ of _Delaware_

v.

D.C. Case No. _04·825-SLR_

Third Cir. No. _____

---

**Affidavit In Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I sear or affirm under penalty of perjury that my answers on this form are true and correct. (28 U.S.C. § 1746, 18 U.S.C. § 1621)

Signed: _____

**Instructions**

Complete all questions on this application and then sign it. Do not leave any blanks. If the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate piece of paper identified with your name, your case's docket number, and the question number.

Date: _8-25-05_

---

**My issues on Appeal are:**

(See Attached Memorandum)

1

1.      For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| INCOME SOURCE | AVERAGE MONTHLY AMOUNT DURING THE PAST 12 MONTHS | AMOUNT EXPECTED NEXT MONTH |
|---|---|---|
| | You | You |
| Employment | $ N/A | $ N/A |
| Self-Employment | $ N/A | $ N/A |
| Income from real property (such as rental income) | $ N/A | $ N/A |
| Interest and Dividends | $ N/A | $ N/A |
| Gifts | $ N/A | $ N/A |
| Alimony | $ N/A | $ N/A |
| Child Support | $ N/A | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ N/A | $ N/A |
| Unemployment payments | $ N/A | $ N/A |
| Disability (such as social security, insurance payments) | $ N/A | $ N/A |
| Public Assistance (such as welfare) | $ N/A | $ N/A |
| Other (specify): _____ | $ N/A | $ N/A |
| | | |
| Total monthly income | $ 0 | $ 0 |

2.  List your employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|----------|---------|---------------------|-------------------|
| | | | |
| | N/A | | |
| | | | |

3.  List your spouse's employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|----------|---------|---------------------|-------------------|
| | | | |
| | N/A | | |
| | | | |

4. How much cash do you and your spouse have? $_____

Below, state any money you or spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|-----------------------|-----------------|-----------------|------------------------|
| | | $_____ | $_____ |
| | N/A | $_____ | $_____ |
| | | $_____ | $_____ |

**If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement for each account.**

3

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | (Value) | Other real estate (Value) | Motor Vehicle # 1 (Value) |
|---|---|---|---|
| | | | Make & year: _____ |
| N/A | | _____ | Model: _____ |
| | | _____ | Registration # : _____ |

| Motor Vehicle # 2 (Value) | Other assets | (Value) | Other assets | (Value) |
|---|---|---|---|---|
| Make & year: N/A | | | | |
| Model: _____ | | | | |
| Registration # : _____ | | | | |

6. State every person, business or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| Shea Manuel | my little Girl | 7 |
| TylShay Hardy | my little Girl | 11 |
| Michal Tucker | my Son | 12 |

4

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | **You** | **Your Spouse** |
|---|---|---|
| Rent or Home Mortgage (Include lot rented for mobile home) Are real estate taxed included?<br>• yes    • no<br>Is property insurance included?<br>• yes    • no | $_____ | $_____ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |
| Transportation (not including motor vehicle payments) | $_____ | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____ |
| Insurance (not deducted from wages or included in mortgage payments) | $_____ | $_____ |
|   Homeowners or renters | $_____ | $_____ |
|   Life | $_____ | $_____ |
|   Health | $_____ | $_____ |
|   Motor Vehicle | $_____ | $_____ |
|   Other: _____ | $_____ | $_____ |
| Taxes (not deducted from wages or included in mortgage payments)(specify): _____ | $_____ | $_____ |

5

11. Have you paid _____ Or will you be paying _____ anyone other than attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

· Yes    · (No)    If yes, how much? $ _____

If yes state the person's name, address and telephone number:

_____

_____

_____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

*At the time I'm currently incarcerated. I do have a job that pays me #9.60 every first of the mounth.*

13. State the address of your legal residence.

*1181 Paddock Rd*

*Smeyrna De. 19977*

Your daytime telephone number: (___) *N/A*

Your age: *29*     Your years of Schooling: *Have a GED.*

Your social security number: *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*

Rev: 3-23-99

7

# UNITED STATES COURT OF APPEALS
## FOR THE *Third* : CIRCUIT

Case No. _____

*Thomas L. Carroll / warden*
#### Plaintiff - Appellee,

v.

Application for Certificate of
Appealability

*Andra L. Manuel*
#### Defendant - Appellant.

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using
these standards:

   **Certificate of Appealability.**  There must be a substantial showing of the denial of a
constitutional right by demonstrating that the issues raised are debatable among jurists,
that a court could resolve the issues differently, or that the questions deserve further
proceedings.  28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).

   **FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT
YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR
APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

**1.  Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.)

*(See Attached Memorandum)*

**2.  Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.)

*(See Attached Memorandum)*

**3.  Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.**

*(See Attached Memorandum)*

4.  Do you think the district court applied the wrong law?  If so, what law do you want applied?

(See Attached Memoramdum)

5.  Did the district court incorrectly decide the facts?  If so, what facts?

(See Attached Memorandum)

6.  Did the district court fail to consider important grounds for relief?  If so, what grounds?

(See Attached Memorandum)

7.  Do you feel that there are any other reasons why the district court's judgment was wrong?  If so, what?

(See Attached Memorandum)

8.  **What action do you want this court to take in your case?**

(See Attached Memorandum)

9.  **Were you required to seek and exhaust administrative remedies prior to filing your claim in district court?  If yes, what steps did you take to exhaust those remedies?**

(See Attached Memorandum)

8-25-05
_____
Date

_Andrew _____
_____
Signature

## CERTIFICATE OF SERVICE

**I hereby certify that on** _8-25-05_ **I mailed a copy of**
(date)

**the Certificate of Appealability:**

to _Gregory E. Smith, Dept. of Justice_ at _820 North French st._

_6th Floor Wilmington De. 19801_ , the last known address,
by way of United States mail or courier.

_8-25-05_
Date

_(signature)_
Signature

COA-1  Application for Certificate of Appealability 1/99                    Page 5

# TABLE OF CONTENTS

Page.

Case History & Procedural Issues                    1-2


GROUND ONE
    District court erroneously applied well settled
    federal law given indistinguishable facts bringing
    about a "contrary to" Decisions of cited Circuit
    and U.S. Supreme Court cases.                    3-6


CONCLUSION                                          6-7

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Andra Manuel
Appellant

v.

Thomas L. Carroll
Warden

CASE NO. _____ 2005

## MEMORANDUM OF LAW IN SUPPORT OF APPELLANT CERTIFICATE OF APPEALABILITY

Appellant filed his habeas Corpus petition Pursuant to 28 U.S.C. § 2254 in the Delaware District court on August 9th 2004. The petition was decided by District court judge Sue L. Robinson, Manuel v. Carroll civil Act. No: 04-825-SLR on August 8th 2005.

The appellant submitts the following claims as cause for a Certificate of Appealability to be issued.

The court determination of appellant's claim of unconstitutional Search and seizure is clearly erroneous by the standards used in Circuit court of Appeals in the following Districts.

A) Weber v. Murphy  15. F.3d 691 (7th Cir. 1994)

B) Pierson v. O'Leary  959 F.2d 1385, 1391 (7th Cir. 1992)

C) Townsend v. Sain  372 U.S. 293 (1963)

(1)

The cited above case law which allows for review of a state prisoner's right to litigate a Fourth Amendment violation is a Federal Habeas Corpus petition if the state courts failed to give him a fair and full opportunity to litigate that issue in state court. <u>Pierson v. O'Leary</u> 959 F.2d 1385, 1391 (7th Cir. 1992)

In <u>Weber v. Murphy</u> 15. F.3d 691 (7th Cir. 1994) The court established a test for determining when a 2254 petitioner has received a full and fair opportunity to litigate a Fourth Amendment claim in state court.

A) The petitioner must clearly inform the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment Rights;

B) The state court has carefully and thoroughly analyzed the facts and has applied the proper constitutional case law to those facts.

The proper constitutional case law would have established that there were blatant state and federal constitutional violations by the law enforcement agency and that the State of Delaware Superior and Suprem Court abused their discretion when they erroneously applied well settled federal law and brought about a decision that was contrary to that very same law.

"This inquiry allows relief only in cases of egregious error, such as where state judges have closed their ears and minds to the argument" quoting <u>Hampton v. Wyant</u> 296. F.3d at 563-64 (7th Cir 2002) see also <u>Turentine v. Miller</u> 80. F.3d at 226 (7th Cir. 1996)

A federal court shall grant Habeas relief if a state court unreasonably determined the facts in light of the evidence presented to it bringing about a 'contrary to' clause. <u>Williams v. Taylor</u> 529 U.S. 362 (2000)

# GROUND ONE

The anonymous tip ruling and the misapplication of <u>Flonnery v.</u> <u>State</u> Del. Supr. 805 A.2d 854 and <u>Florida v. J.L.</u> 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed. 2d 254 (U.S. Fla. 2000)

> In petitioner's case nothing in the record established who the neighbor was or in fact if there even was a neighbor. There was no name or address given, nor was there any passed proven reliable informant or any taped 911 statements. In fact the arresting officers unsuccessfully attempted to corroborate that anonymous tip as is expected in state and federal law. (See Suppression Hearing Transcripts (SHT) p. D.I.4 at 39-40 ) )

As was the misapplication of the federal law surrounding the consent needing to be freely and voluntarily given as cited in <u>Florida v. Royer</u> 103 S.Ct. 1319 and <u>Bumper v. North Carolina,</u> 88 S.Ct. 1788. Where the validity of a search or entry rests on consent, the state has the burden of proving through clear and positive testimony that the necessary consent was obtained and that it was freely and voluntarily given.

> This was not so, the record in this case will show that the home-owner, Benson, testified with clear and positive testimony that she did not give consent nor sign any kind of consent to search form even with Officer Ranger's gun being drawn while standing in her (Benson's) doorway stopping the door from closing. (See (SHT), D.I.4 at 19, 51, 10 and 56 )

A similar case in <u>United States v. Chan-Jiminez</u> 125 F.3d 1324, also <u>U.S. v. Perez,</u> 644 F.2d 1299 where police officers approached men

with guns drawn and the men consented to a search, the Court later declared that the consent was far from freely and voluntarily given, but was coerced by the mere fact the citizens were intimidated by the guns being drawn. As in petitioner's case. Nonetheless the record shows that the alleged consent that the state and lower courts are relying upon was not freely nor voluntarily given, or even given at all.

   The facts of this case are indistinguishable from the facts of Riddicks violation in the Payton v. New York, 100 S.Ct. 1371 case. Therefore because the results of this case is different from that of Payton's there is a result that is considered to be contrary to by virtue of Williams v. Taylor, 529 U.S. 362 and the application of the well settled law found in Payton has been erroneously applied.

   In Payton the police officers went to Riddicks home who had arrest warrants for robberies and his 3-year old son opened the door and the officers saw Riddicks in the room and entered without consent or objection and seized him.

   The only difference in this case is that the petitioner was in a third parties home. However, in Steagald v. U.S 101 S.Ct. 1642, the U.S. Supreme Court determined that law enforcement officers could not legally search for subject of arrest warrant in home of third party, without first obtaining a search warrant, absent exigent circumstances or valid consent.

   In fact Officer Capitan testified at the suppression that there was never a search warrant nor was any consent to search form ever signed by no one. See (SHT) D.I.4 pg.51 at 15-23

The U.S. Supreme Court declared the intrusion to be in violation of Riddick's Fourth Amendment Rights.

In Petitioners case the record established that once the door to the third parties home was opened and Officer Capitan acknowledged or saw an individual that he thought resembled the person wanted in the arrest warrant even though he (Capitan) never saw Petitioner before nor a photo, he entered the home to perform a pat-down of the person without ever hearing any consent.
It was also determined by the Delaware Superior Court in its Ruling denying the suppression motion that "... when the door was opened and they (the officers) saw a person whose appearance was consistent with the limited description of the defendant which they had, it was reasonable for Officer Capitan to enter the house quickly and perform a pat down search for weapons. (See SHT-Ruling D.I. 4. pg. 4 at 18-23)

It is this ruling that is completely 'contrary to' the well established federal law of _Payton_ and _Steagald_ that was erroneously applied. The petitioner farther submits that in _Payton_ the ruling was in favor of Riddick and it was his home. Therefore because the petitioner was in the home of a third party, greater protection should have been afforded him, and the Motion to Suppress should have been granted as it was in _Payton_ (Riddick's case) and also in _Steagald_.

Furthermore, petitioner argues that the state courts ignored case law relevant to his case and, thus applied an incorrect standard. Failure to apply applicable law would show that the petitioner lacked a _full_ and _fair_ opportunity to prevail in state courts; as cited in _Pierson v. O'Leary_ also in _Weber v. Murphy_.

The standard of Due Process and Equal Protection must be a standard in which integrity, fundamental fairness and reliability can rest securely upon. Due process is compromised in that the adversarial process is taken away because the Court becomes bias when choosing one side over the other. A violation of the Judicial Code of Conduct exists and the petitioner prays this Court installs the Equal Protection guaranteed, especially in the face of the lower Court being the sole trier of facts.

The petitioner was denied an opportunity for full and fair litigation of his Fourth Amendment claims in the Delaware lower courts as well the same in District court they failed to consider his arguments in reliance on United States Supreme Court cases almost directly on point and consideration of his claim was not barred under Stone v. Powell.

## CONCLUSION

It is understood that a Pro Se litigants pleadings must not be received with the same expectations, professionalism and precision as an attorney of the bar. Bounds v. Smith 430 U.S. 817. Neither, however, must their filings be completely disregarded as to their factual basis and legal application. Petitioner has shown the District courts Final Order is clearly erroneous as to the facts, as presented by the state court record, and is contrary to United States Constitutional law as stated by the United States Supreme Court. Petitioner has clearly shown from the facts of the record he was denied a substantive federal Constitutional right as defind by the United States Constitution. And is entitled to a Certificate of Appealability to review on the merits petitioner's claims. Appellant prays that this court reverse

and remand lower courts and District courts rulings and appoint counsel for an evidentiary hearing.

Andra Manuel
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware
19977

Date: 8-25-05

(7)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Andra' Manuel
Appellant

v.

Thomas L. Carroll
Warden

CASE NO. ———— 2005

## APPELLANT's APPENDIX

Date: 8-25-05

Andra Manuel #324848
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, Delaware 19977

```
                         U.S. District Court
          U. S. District Court of Delaware (Wilmington)

               CIVIL DOCKET FOR CASE #: 04-CV-825

Manuel v. Carroll, et al                          Filed: 07/06/04
Assigned to: Judge Sue L. Robinson
Demand: $0,000                      Nature of Suit:  530
Lead Docket: None                   Jurisdiction: Federal Question

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


ANDRA L. MANUEL                     Andra L. Manuel
        petitioner                  SBI#324348
                                    [COR LD NTC] [PRO SE]
                                    Delaware Correctional Center
                                    1181 Paddock Road
                                    Smyrna, DE 19977



    v.


THOMAS L. CARROLL, Warden           Gregory E. Smith
        respondent                  [COR LD NTC]
                                    Department of Justice
                                    820 N. French Street, 6th Floor
                                    Wilmington, DE 19801
                                    (302) 577-8400


ATTORNEY GENERAL OF THE STATE
OF DELAWARE
        respondent
```

```
Proceedings include all events.
1:04cv825 Manuel v. Carroll, et al
```

7/6/04    1       MOTION by Andra L. Manuel to Proceed in Forma Pauperis
                  re: [1-1] motion (mwm) [Entry date 07/07/04]

7/6/04    2       PETITION for writ of habeas corpus (mwm)
                  [Entry date 07/07/04]

7/6/04    3       MEMORANDUM by Andra L. Manuel in support of [2-1] petition
                  for Writ of Habeas Corpus (mwm) [Entry date 07/07/04]

7/6/04    4       Appendix to Memorandum Filed by Andra L. Manuel (mwm)
                  [Entry date 07/07/04]

7/14/04   5       CASE assigned  to Judge Sue L. Robinson . Notice to all
                  parties. (rb)

7/27/04   6       Order notifying petitioner that AEDPA applies to petition
                  and petitioner must file attached election form with the
                  court.  Set Notice of Compliance deadline to 9/10/04 for
                  Andra L. Manuel  ( signed by Judge Sue L. Robinson ) copies
                  to: petitioner w/Mag. Consent form (ft)

8/4/04    7       AEDPA Election Form filed by petitioner; # 1 wish court to
                  rule on petition as currently pending (ft)
                  [Entry date 08/05/04]

8/9/04    8       ORDER, Clerk shall serve by certified mail a copy of the
                  petition (D.I. 2), D.I. 3, D.I. 4, the order dated 7/27/04,
                  the AEDPA election form and this order  upon the Warden and
                  the Attorney General. Within 45 days of receipt,
                  respondents shall respond as directed.  ( signed by Judge
                  Sue L. Robinson ) Copies to: petitioner, Warden and AG (ft)
                  [Entry date 08/10/04]

8/12/04   --      Exit Via Certified Mail:  D.I. #s 2,3,4,6,7,8 with Mag.
                  Consent Forms to Warden Carroll and AG Loren Meyers (ft)

8/16/04   9       RETURN OF SERVICE executed as to Attorney General 8/14/04
                  Answer due on 9/28/04 for Attorney General (ft)
                  [Entry date 08/17/04]

8/18/04   10      RETURN OF SERVICE executed as to Thomas L. Carroll 8/13/04
                  Answer due on 9/27/04 for Thomas L. Carroll (ft)
                  [Entry date 08/20/04]

8/24/04   11      ANSWER by Thomas L. Carroll  (Attorney Gregory E. Smith),
                  (ft) [Entry date 08/25/04]

8/24/04   12      NOTICE of Filing of State Court Records by Thomas L.
                  Carroll (ft) [Entry date 08/25/04]

8/24/04   13      State Court Record. (ft) [Entry date 08/25/04]

10/4/04   14      Reply by Andra L. Manuel  to [11-1] answer (ft)
                  [Entry date 10/05/04]

Proceedings include all events.
1:04cv825 Manuel v. Carroll, et al

<u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>

No._____

### ADDENDUM TO AFFIDAVIT IN SUPPORT OF MOTION
### TO PROCEED <u>IN FORMA PAUPERIS</u>

**Notice to Litigant:** The Prison Litigation Reform Act of 1995, effective April 26, 1996, has made significant changes to the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. The statute no longer provides for waiver of court filing or docketing fees for prisoners who are granted leave to proceed <u>in forma pauperis</u>. This applies to original proceedings and appeals from decisions in civil actions or proceedings. Once a prisoner has been granted leave to proceed <u>in forma pauperis</u>, the prisoner is obligated to pay the entire filing and/or docketing fee in the manner prescribed by statute, regardless of the outcome of the proceeding or appeal.

Prisoners proceeding <u>in forma pauperis</u> are now required to pay an initial partial filing fee, and thereafter periodic payments will be made from the prisoner's institutional account until the entire fee has been paid. 28 U.S.C. §1915 (b)(1). If a prisoner does not have sufficient funds to pay the initial partial fee, the prisoner will not be prohibited from proceeding. Once there are sufficient funds in the prisoner's account, however, funds will be collected in the manner prescribed by the statute until the entire fee has been paid. 28 U.S.C. §1915 (b)(4). The obligation to pay the fees and any subsequent costs continues even if the prisoner is transferred or released from custody.

**Therefore, you should consider carefully whether you wish to go forward with an appeal or proceeding before you submit an affidavit in support of motion to proceed <u>in forma pauperis</u> to this Court.**

---

The Act has amended § 1915 to require that you submit an affidavit in support of motion to proceed <u>in forma pauperis</u> that includes a statement listing all of your assets. 28 U.S.C. § 1915(a)(1). Therefore, when completing the attached affidavit, you must include a complete listing of your assets. You also must complete the following certification:

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that I have the sum of $ <u>50.00</u> _____ in my prison account at (name of institution in which your are confined) <u>Delaware Correctional Center</u> .

_____
Applicant's Signature

**NOTICE TO PRISONER**:  You must submit to this Court a certified copy of your prison trust fund account statement (or institutional equivalent) for each institution in which you have been confined for the six-month period immediately preceding the date of this application.  28 U.S.C. §1915(a)(2).  The following certification from an authorized officer of your institution(s) must accompany the account statement(s):

        I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

———————————————————
Authorized Officer of Institution

**NOTICE TO PRISON OFFICIALS**:  Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed _in forma_ _pauperis_.  28 U.S.C. § 1915(b)(2) (April 26, 1996).  Pursuant to that statute, once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the income credited to the prisoner's account during the preceding month, each time the amount in the account exceeds $10, until the entire filing and/or docketing fee has been paid.

-----------------------------------------------------------------

_(Cut along the dotted line and forward to each institution in which applicant has been confined for the six-month period prior to the date this application is made.)_

        I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

———————————————————
Authorized Officer of Institution

**NOTICE TO PRISON OFFICIALS**:  Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed _in forma_ _pauperis_.  Once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the

income credited to the prisoner's account during the preceding
month, each time the amount in the account exceeds $10, until the
entire filing and/or docketing fee has been paid.  28 U.S.C. §
1915(b)(2) (April 26, 1996).


**NOTICE TO PRISONER:**  You are directed to complete the following
form.  The top portion of the form must be returned to the Clerk.
The lower portion of the completed form shall be returned to the
prison official in charge of the prisoner account.

I,  _Andra Manuel #324348_____
(Name of Prisoner and Registered Number if
applicable)

authorize the Clerk of the Court to obtain, from the agency
having custody over me, information about my institutional
account, including balances, deposits, and withdrawals.  The
Clerk may obtain such information until the fee and any other
payments owed the Court are paid.  I also authorize the agency
having custody over me to withdraw funds from my account and
forward payments to the appropriate Clerk of Court in accordance
with 28 U.S.C. §1915 (April 26, 1996).

_____
Signature of Prisoner

_8-25-05_____
Date

-----------------------------------------------------------------

I,  _Andra Manuel #324348_____
(Name of Prisoner and Registered Number if
applicable)

authorize the Clerk of the Court to obtain, from the agency
having custody over me, information about my institutional
account, including balances, deposits, and withdrawals.  The
Clerk may obtain such information until the fee and any other
payments owed the Court are paid.  I also authorize the agency
having custody over me to withdraw funds from my account and
forward payments to the appropriate Clerk of Court in accordance
with 28 U.S.C. §1915 (April 26, 1996).

_____
Signature of Prisoner

_8-25-05_____
Date

(Rev. 10/96)

## Certificate of Service

I, _Andra' Manuel_____, hereby certify that I have served a true
and correct cop(ies) of the attached: _Application for Certificate of Appealability,_
_Appointment of Counsel, In Forma Pauperis_____ upon the following
parties/person (s):


TO: _Clerk of The court_         TO: _Clerk_____
____844 King Street____          ____United States court of Appeals
____Wilmington Delaware__        ____601 market Street__
_____       ____Phil PA 19106____
_____       _____


TO: _Gregory Smith_____      TO: _____
____Deputy Attorney General__    _____
____820 North French Street__    _____
____Wilmington Delaware__        _____
_____19801__            _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _25_ day of _August_____, 2005
                         _Andra Manuel_