UNITED STATES COURT OF APPEALS
FOR THE *Third* : CIRCUIT

Case No.   04-825 (SLR)

*Thomas L. Carroll* /Warden

Plaintiff - Appellee,

v.

*Andra L. Manuel*

Defendant - Appellant.

Application for Certificate of
Appealability



**FILED**

AUG 30 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using
these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a
constitutional right by demonstrating that the issues raised are debatable among jurists,
that a court could resolve the issues differently, or that the questions deserve further
proceedings. 28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT
YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR
APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

**1. Statement of the Case.** (This should be a _brief_ summary of the proceedings in the district court.)

(See Attached Memorandum)

**2. Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.)

(See Attached Memorandum)

**3. Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.**

(See Attached Memorandum)

4.  Do you think the district court applied the wrong law?  If so, what law do you want applied?

(See Attached Memorandum)

5.  Did the district court incorrectly decide the facts?  If so, what facts?

(See Attached Memorandum)

6.  Did the district court fail to consider important grounds for relief?  If so, what grounds?

(See Attached Memorandum)

7.  Do you feel that there are any other reasons why the district court's judgment was wrong?  If so, what?

(See Attached Memorandum)

8.  What action do you want this court to take in your case?

(See Attached Memorandum)

9.  Were you required to seek and exhaust administrative remedies prior to filing your claim in district court?  If yes, what steps did you take to exhaust those remedies?

(See Attached Memorandum)

8-25-05
Date

Signature

## CERTIFICATE OF SERVICE

I hereby certify that on _____8-25-05_____ I mailed a copy of
                                    (date)

the Certificate of Appealability:

to _Gregory E. Smith, Dept. of Justice_ at _820 North French st._

_6th Floor Wilmington Dc. 19801_____, the last known address,
by way of United States mail or courier.


_8-25-05_____        _Andrei Alford_____
Date                          Signature


COA-1 Application for Certificate of Appealability 1/99                    Page 5

# TABLE OF CONTENTS

Page.

Case History & Procedural Issues                    1-2

GROUND ONE
    District court erroneously applied well settled
    Federal law, given indistinguishable facts bringing
    about a "contrary to" Decisions of cited Circuit
    and U.S. Supreme Court cases.                   3 - 6

CONCLUSION                                          6-7

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Andra Manuel
   Appellant

    V.

Thomas L. Carroll
   Warden

CASE NO. _____ 2005

## MEMORANDUM OF LAW IN SUPPORT OF APPELLANT CERTIFICATE OF APPEALABILITY

Appellant filed his habeas Corpus petition pursuant to 28 U.S.C. § 2254 in the Delaware District court on August 9th 2004. The petition was decided by District court judge Sue L. Robinson, Manuel v. Carroll civil Act. No: 04-825-SLR on August 8th 2005.

The appellant submits the following claims as cause for a Certificate of Appealability to be issued.

The court determination of appellant's claim of unconstitutional Search and seizure is clearly erroneous by the standards used in Circuit court of Appeals in the following Districts.

A) Weber v. Murphy 15. F. 3d 691 (7th Cir. 1994)

B) Pierson v. O'Leary 959 F.2d 1385, 1391 (7th Cir 1992)

C) Townsend v. Sain 372 U.S. 293 (1963)

(1)

The cited above case law which allows for review of a state prisoners right to litigate a Fourth Amendment violation is a Federal Habeas Corpus petition if the state courts failed to give him a fair and full opportunity to litigate that issue in state court. Pierson v. O'Leary 959 F.2d 1385, 1391 (7th Cir. 1992).

In Weber v. Murphy 15. F.3d 691 (7th Cir. 1994) The court established a test for determining when a 2254 petitioner has received a full and fair opportunity to litigate a Fourth Amendment claim in state court.

A) The petitioner must clearly inform the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment Rights;

B) The state court has carefully and thoroughly analyzed the facts and has applied the proper constitutional case law to those facts.

The proper constitutional case law would have established that there were blatant state and federal constitutional violations by the law enforcement agency and that the State of Delaware Superior and Suprem Court abused their discretion when they erroneously applied well settled federal law and brought about a decision that was contrary to that very same law.

"This inquiry allows relief only in cases of egregious error, such as where state judges have closed their ears and minds to the argument" quoting Hampton v. Wyant 296. F.3d at 563-64 (7th Cir. 2002) see also Turentine v. Miller 80. F.3d at 226 (7th Cir. 1996)

A federal court shall grant Habeas relief if a state court unreasonably determined the facts in light of the evidence presental to it bringing about a 'contrary to' clause. Williams v. Taylor 529 U.S. 362 (2000)

# GROUND ONE

The anonymous tip ruling and the misapplication of _Flonnery v._
_State_ Del.Supr. 805 A.2d 854 and _Florida v. J.L_ 529 U.S.266, 120 S.Ct.
1375, 146 L.Ed. 2d. 254 (U.S. Fla. 2000)

 In petitioner's case nothing in the record established who
the neighbor was or in fact if there even was a neighbor.
There was no name or address given, nor was there any
passed proven reliable informant or any taped 911 statements.
In fact the arresting officers unsuccessfully attempted to
corroborate that anonymous tip as is expected in state and
federal law. (See **S**uppression **H**earing **T**ranscripts (SHT)
D.I.4 at 39-40 ) )

As was the misapplication of the federal law surrounding the consent
needing to be freely and voluntarily given as cited in _Florida v. Royer_ 103
S.Ct. 1319 and _Bumper v. North Carolina_, 88 S.Ct. 1788. Where the
validity of a search or entry rests on consent, the state has the
burden of proving through clear and positive testimony that the
necessary consent was obtained and that it was freely and voluntarily
given.

 This was not so, the record in this case will show that the home-
owner, Benson, testified with clear and positive testimony that
she did not give consent nor sign any kind of consent to search
form even with Officer Ranger's gun being drawn while
standing in her (Benson's) doorway stopping the door from closing.
(See (SHT) D.I.4 at. 19, 51, 10 and 56 )  )

A similar case in _United States v. Chan-Jiminez_ 125 F.3d 1324, also
_U.S. v. Perez_ 644 F.2d 1299 where police officers approached men

With guns drawn and the men consented to a search, the Court later declared that the consent was far from freely and voluntarily given, but was coerced by the mere fact the citizens were intimidated by the guns being drawn. As in petitioner's case. Nonetheless the record shows that the alleged consent that the state and lower courts are relying upon was not freely nor voluntarily given, or even given at all.

The facts of this case are indistinguishable from the facts of Riddicks violation in the Payton v. New York, 100 S.Ct. 1371 case. Therefore because the results of this case is different from that of Payton's there is a result that is considered to be contrary to by virtue of Williams v. Taylor, 529 U.S. 362 and the application of the well settled law found in Payton has been erroneously applied.

In Payton the police officers went to Riddicks home who had arrest warrants for robberies and his 3-year old son opened the door and the officers saw Riddicks in the room and entered without consent or objection and seized him.

The only difference in this case is that the petitioner was in a third parties home. However, in Steagald v. U.S. 101 S.Ct. 1642, the U.S. Supreme Court determined that law enforcement officers could not legally search for subject of arrest warrant in home of third party, without first obtaining a search warrant, absent exigent circumstances or valid consent.

In fact Officer Capitan testified at the suppression that there was never a search warrant nor was any consent to search form ever signed by no one. See (S H T.) D.I.4 pg. 5 I at 15-23

The U.S. Supreme Court declared the intrusion to be in violation of Riddick's Fourth Amendment Rights.

In Petitioners case the record established that once the door to the third parties home was opened and Officer Capitan acknowledged or saw an individual that he thought resembled the person wanted in the arrest warrant, even though he (Capitan) never saw Petitioner before nor a photo, he entered the home to perform a pat-down of the person without ever hearing any consent.

It was also determined by the Delaware Superior Court in its Ruling denying the suppression motion that "... when the door was opened and they (the officers) saw a person whose appearance was consistent with the limited description of the defendant which they had, it was reasonable for Officer Capitan to enter the house quickly and perform a pat down search for weapons. (See SHT-Ruling D.I. 4. pg. 4 at 18-23)

It is this ruling that is completely 'contrary to' the well established federal law of Payton and Steagald that was erroneously applied. The petitioner farther submits that in Payton the ruling was in favor of Riddick and it was his home. Therefore because the petitioner was in the home of a third party, greater protection should have been afforded him, and the Motion to Suppress should have been granted as it was in Payton (Riddick's case) and also in Steagald.

Furthermore, petitioner argues that the state courts ignored case law relevant to his case and, thus applied an incorrect standard. Failure to apply applicable law would show that the petitioner lacked a full and fair opportunity to prevail in state courts; as cited in Pierson v. O'Leary also in Weber v. Murphy.

The standard of Due Process and Equal Protection must be a Standard in which integrity, fundamental fairness and reliability can rest securely upon. Due process is compromised in that the adversarial process is taken away because the Court becomes bias when choosing one side over the other. A violation of the Judicial Code of Conduct exists and the petitioner prays this Court installs the Equal Protection guaranteed, especially in the face of the lower Court being the sole trier of facts.

The petitioner was denied an opportunity for full and fair litigation of his Fourth Amendment claims in the Delaware lower courts as was the same in District court they failed to consider his arguments in reliance on United States Supreme Court cases almost directly on point and consideration of his claim was not barred under Stone v. Powell.

## CONCLUSION

It is understood that a Pro Se litigants pleadings must not be received with the same expectations, professionalism and precision as an attorney of the bar. Bounds v. Smith 430 U.S. 817. Neither, however, must their filings be completely disregarded as to their factual basis and legal application. Petitioner has shown the District courts Final Order is clearly erroneous as to the facts, as presented by the state court record, and is contrary to United States Constitutional law as stated by the United States Supreme Court. Petitioner has clearly shown from the facts of the record he was denied a substantive federal Constitutional right as defined by the United States Constitution. And is entitled to a Certificate of Appealability to review on the merits petitioner's claims. Appellant prays that this court reverse

and remand lower courts and District courts rulings and appoint counsel for an evidentiary hearing.

Andra Manuel
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware
19977

Date: 8-25-05

(7)

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE THIRD CIRCUIT

Andra Manuel
    Appellant

    V.

Thomas L. Carroll
    Warden

CASE NO. _____ 2005

# APPELLANT'S APPENDIX

Date: 8-25-05

Andra Manuel #324548
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, Delaware 19977

```
                         U.S. District Court
         U. S. District Court of Delaware (Wilmington)

             CIVIL DOCKET FOR CASE #: 04-CV-825

Manuel v. Carroll, et al                          Filed: 07/06/04
Assigned to: Judge Sue L. Robinson
Demand: $0,000                          Nature of Suit:  530
Lead Docket: None                       Jurisdiction: Federal Question

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


ANDRA L. MANUEL                  Andra L. Manuel
      petitioner                 SBI#324348
                                 [COR LD NTC] [PRO SE]
                                 Delaware Correctional Center
                                 1181 Paddock Road
                                 Smyrna, DE 19977



   v.


THOMAS L. CARROLL, Warden        Gregory E. Smith
      respondent                 [COR LD NTC]
                                 Department of Justice
                                 820 N. French Street, 6th Floor
                                 Wilmington, DE 19801
                                 (302) 577-8400


ATTORNEY GENERAL OF THE STATE
OF DELAWARE
      respondent
```

Proceedings include all events.
1:04cv825 Manuel v. Carroll, et al

7/6/04     1     MOTION by Andra L. Manuel to Proceed in Forma Pauperis
                 re: [1-1] motion (mwm) [Entry date 07/07/04]

7/6/04     2     PETITION for writ of habeas corpus (mwm)
                 [Entry date 07/07/04]

7/6/04     3     MEMORANDUM by Andra L. Manuel in support of [2-1] petition
                 for Writ of Habeas Corpus (mwm) [Entry date 07/07/04]

7/6/04     4     Appendix to Memorandum Filed by Andra L. Manuel (mwm)
                 [Entry date 07/07/04]

7/14/04    5     CASE assigned  to Judge Sue L. Robinson . Notice to all
                 parties. (rb)

7/27/04    6     Order notifying petitioner that AEDPA applies to petition
                 and petitioner must file attached election form with the
                 court.  Set Notice of Compliance deadline to 9/10/04 for
                 Andra L. Manuel  ( signed by Judge Sue L. Robinson ) copies
                 to: petitioner w/Mag. Consent form (ft)

8/4/04     7     AEDPA Election Form filed by petitioner; # 1 wish court to
                 rule on petition as currently pending (ft)
                 [Entry date 08/05/04]

8/9/04     8     ORDER, Clerk shall serve by certified mail a copy of the
                 petition (D.I. 2), D.I. 3, D.I. 4, the order dated 7/27/04,
                 the AEDPA election form and this order  upon the Warden and
                 the Attorney General. Within 45 days of receipt,
                 respondents shall respond as directed.  ( signed by Judge
                 Sue L. Robinson ) Copies to: petitioner, Warden and AG (ft)
                 [Entry date 08/10/04]

8/12/04    --    Exit Via Certified Mail:  D.I. #s 2,3,4,6,7,8 with Mag.
                 Consent Forms to Warden Carroll and AG Loren Meyers (ft)

8/16/04    9     RETURN OF SERVICE executed as to Attorney General 8/14/04
                 Answer due on 9/28/04 for Attorney General (ft)
                 [Entry date 08/17/04]

8/18/04    10    RETURN OF SERVICE executed as to Thomas L. Carroll 8/13/04
                 Answer due on 9/27/04 for Thomas L. Carroll (ft)
                 [Entry date 08/20/04]

8/24/04    11    ANSWER by Thomas L. Carroll  (Attorney Gregory E. Smith),
                 (ft) [Entry date 08/25/04]

8/24/04    12    NOTICE of Filing of State Court Records by Thomas L.
                 Carroll (ft) [Entry date 08/25/04]

8/24/04    13    State Court Record. (ft) [Entry date 08/25/04]

10/4/04    14    Reply by Andra L. Manuel  to [11-1] answer (ft)
                 [Entry date 10/05/04]

Docket as of October 26, 2004 3:34 pm                    Page 2

Proceedings include all events.
1:04cv825 Manuel v. Carroll, et al

<u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>

No._____

ADDENDUM TO AFFIDAVIT IN SUPPORT OF MOTION
TO PROCEED <u>IN FORMA PAUPERIS</u>

**Notice to Litigant:** The Prison Litigation Reform Act of 1995, effective April 26, 1996, has made significant changes to the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. The statute no longer provides for waiver of court filing or docketing fees for prisoners who are granted leave to proceed <u>in forma pauperis</u>. This applies to original proceedings and appeals from decisions in civil actions or proceedings. Once a prisoner has been granted leave to proceed <u>in forma pauperis</u>, the prisoner is obligated to pay the entire filing and/or docketing fee in the manner prescribed by statute, regardless of the outcome of the proceeding or appeal.

Prisoners proceeding <u>in forma pauperis</u> are now required to pay an initial partial filing fee, and thereafter periodic payments will be made from the prisoner's institutional account until the entire fee has been paid. 28 U.S.C. §1915 (b)(1). If a prisoner does not have sufficient funds to pay the initial partial fee, the prisoner will not be prohibited from proceeding. Once there are sufficient funds in the prisoner's account, however, funds will be collected in the manner prescribed by the statute until the entire fee has been paid. 28 U.S.C. §1915 (b)(4). The obligation to pay the fees and any subsequent costs continues even if the prisoner is transferred or released from custody.

**Therefore, you should consider carefully whether you wish to go forward with an appeal or proceeding before you submit an affidavit in support of motion to proceed <u>in forma pauperis</u> to this Court.**

_____

The Act has amended § 1915 to require that you submit an affidavit in support of motion to proceed <u>in forma pauperis</u> that includes a statement listing all of your assets. 28 U.S.C. § 1915(a)(1). Therefore, when completing the attached affidavit, you must include a complete listing of your assets. You also must complete the following certification:

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that I have the sum of $ 50.⁰² _____ in my prison account at (name of institution in which your are confined) _Delaware Correctional Center_____.

_Andrew Manuel_____
Applicant/s Signature

<u>NOTICE TO PRISONER</u>:  You must submit to this Court a certified copy of your prison trust fund account statement (or institutional equivalent) for each institution in which you have been confined for the six-month period immediately preceding the date of this application.  28 U.S.C. §1915(a)(2).  The following certification from an authorized officer of your institution(s) must accompany the account statement(s):

       I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

_____
Authorized Officer of Institution

<u>NOTICE TO PRISON OFFICIALS</u>:  Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  28 U.S.C. § 1915(b)(2) (April 26, 1996).  Pursuant to that statute, once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the income credited to the prisoner's account during the preceding month, each time the amount in the account exceeds $10, until the entire filing and/or docketing fee has been paid.

-----------------------------------------------------------------
*(Cut along the dotted line and forward to each institution in which applicant has been confined for the six-month period prior to the date this application is made.)*

       I certify that the attached trust fund account statement (or institutional equivalent) is true and correct.

_____
Authorized Officer of Institution

<u>NOTICE TO PRISON OFFICIALS</u>:  Pursuant to the Prison Litigation Reform Act, you will be obligated to forward payments to the appropriate United States District Court if the prisoner herein is granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Once an initial partial fee is paid, the prison official in charge of the prisoner's account must forward monthly payments of 20% of the

income credited to the prisoner's account during the preceding month, each time the amount in the account exceeds $10, until the entire filing and/or docketing fee has been paid. 28 U.S.C. § 1915(b)(2) (April 26, 1996).

<u>NOTICE TO PRISONER</u>:  You are directed to complete the following form.  The top portion of the form must be returned to the Clerk. The lower portion of the completed form shall be returned to the prison official in charge of the prisoner account.

I, _Andra Manuel #324348_____
(Name of Prisoner and Registered Number if applicable)

authorize the Clerk of the Court to obtain, from the agency having custody over me, information about my institutional account, including balances, deposits, and withdrawals.  The Clerk may obtain such information until the fee and any other payments owed the Court are paid.  I also authorize the agency having custody over me to withdraw funds from my account and forward payments to the appropriate Clerk of Court in accordance with 28 U.S.C. §1915 (April 26, 1996).

_Andra Manuel_____
Signature of Prisoner

_8-25-05_____
Date

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I, _Andra Manuel #324348_____
(Name of Prisoner and Registered Number if applicable)

authorize the Clerk of the Court to obtain, from the agency having custody over me, information about my institutional account, including balances, deposits, and withdrawals.  The Clerk may obtain such information until the fee and any other payments owed the Court are paid.  I also authorize the agency having custody over me to withdraw funds from my account and forward payments to the appropriate Clerk of Court in accordance with 28 U.S.C. §1915 (April 26, 1996).

_____
Signature of Prisoner

8-25-05
_____
Date

(Rev. 10/96)

## Certificate of Service

I, _Andra' Manuel_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Application for Certificate of Appealability,_

_Appointment of Counsel, In Forma Pauperis_ upon the following

parties/person (s):


TO: _Clerk of The court_          TO: _Clerk_

_844 King Street_ Lock Box 18     _United States court of Appeals_

_Wilmington Delaware_             _601 market Street_

_____             _Phil PA 19106_

_____             _____


TO: _Gregory smith_               TO: _____

_Deputy Attorney General_         _____

_820 North French Street_         _____

_Wilmington Delaware_             _____

_19801_                           _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _25_ day of _August_ , 2005

_Andra Manuel_